**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2011

No. 10-30095

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID LESTER MCFADDEN,

Defendant - Appellant

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 2:09-cr-00118

Before GARZA and DENNIS, Circuit Judges.[1]

PER CURIAM:[**]

Defendant, David Lester McFadden, pled guilty to conspiracy to commit securities fraud in violation of 18 U.S.C. § 371. The district court sentenced McFadden to 60 months imprisonment and three years of supervised release, and imposed a fine of $250,000. He appeals his sentence and fine. The sentence

---

[1] Circuit Judge Will Garwood was originally assigned to this panel and participated in oral argument and the deliberations on this case. Judge Garwood has since passed away. Therefore, this case is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30095

and fine imposed were not procedurally or substantively unreasonable. We AFFIRM.

## I.

Between 1999 and 2006, McFadden misrepresented himself as a certified public accountant and advised longtime Exxon Mobil Corporation employees between the ages of fifty and sixty to liquidate their employer-sponsored retirement plans and make investments with him. McFadden misrepresented the potential rate of return on these investments and the extent to which they were diversified. Eventually, 137 victims invested over $68 million with McFadden. After years of civil arbitrations and mediation proceedings, the victims recovered approximately $54 million in awards and settlements. For some, but not all, of the victims, these amounts included lost interest on their investments, attorney fees, and punitive damages.

McFadden entered into a plea agreement with the government providing for a recommended sentence range of 18 to 24 months imprisonment. As part of the agreement, McFadden agreed to pay restitution of no more than approximately $1.2 million. The district court reserved acceptance of the plea agreement. Because the agreement was entered into under Federal Rule of Criminal Procedure 11(c)(1)(C), McFadden had the right to withdraw his plea if the court rejected it. *See* Fed. R. Crim. P. 11(c)(1)(C).

The probation officer's presentence report (PSR) recommended a total offense level of 33 based, in part, on a 20-level enhancement for the victims' losses of $14.5 million. With McFadden's criminal history category of I, the sentence range under the Sentencing Guidelines (U.S.S.G. or guidelines) was 135 to 168 months imprisonment. However, because the maximum sentence of imprisonment under the statute of conviction is 60 months, *see* 18 U.S.C. § 371, which was less than the minimum of the applicable guidelines range, 60 months became the guidelines sentence. *See* U.S.S.G. § 5G1.1(a). The guidelines fine range was $17,500 to $175,000, and although the statutory maximum fine was

No. 10-30095

$250,000, the PSR did not recommend any departures under the guidelines for the fine.  However, the PSR noted several factors that counseled for an above-guidelines fine: (1) that McFadden's victims had lost a reliable source of retirement income from their Exxon Mobil annuities; (2) that the guidelines do not include attorney fees in calculating the amount of loss for the purpose of determine the guidelines offense level; and (3) that the guidelines do not take into account the emotional and mental injury and stress resulting from the financial harm McFadden caused.

The PSR also recommended that no restitution should be ordered because McFadden's victims had already recovered in civil proceedings more than they had lost in their investment principal.  The government objected to this point in the PSR and argued that many of the victims had not fully recovered because they had not received compounded interest or legal costs.  McFadden did not object to the PSR, but defended its conclusion that the victims had fully recovered their losses and were not entitled to restitution.

The district court rejected the plea agreement after reviewing the PSR. However, McFadden continued in his guilty plea.  The district court adopted the findings of the PSR, except for those pertaining to restitution.  At the sentencing hearing, the government called the attorney who represented McFadden's victims in the civil proceedings.  The attorney testified that he believed that some of the victims had not been made whole because they had not been compensated for the amount of lost interest that they would have otherwise received on their investments.  He testified that the net loss for sixteen of these victims totaled $2.4 million.  In cross examination of the witness and in his arguments to the court, McFadden argued that federal sentencing laws did not provide for interest and attorney fees as part of restitution and that, in many instances, the amount that the victims received through civil proceedings was more than the principal amount they had lost in their investments.

No. 10-30095

McFadden argued for a sentence that reflected the fact that he provided financial support to his family; and, while he asked for a downward variance because of the money that had been paid back to the victims, he also noted specifically that, "I know we can't get actual credit for [the money that was paid back] . . . because it wasn't discovered and paid by [McFadden] before it was discovered by the plaintiffs," and therefore, the PSR's 20-level enhancement in the offense level for the $14.5 million in loss "was the correct calculation." The government contended that the sentencing guidelines did not "take into consideration the stress of the financial ruin" inflicted on the victims and that the court should "take that into specific consideration" as a justification for "a variance." The government argued further that the court should take into account the amount of potential interest that the victims lost on their investments.

At the conclusion of the sentencing hearing, the court said that it was "unable at this time today to make precise calculations as to what further restitution might be owed." It stated that it was "not convinced that all of these victims have been made whole by the various recoveries that have been made by virtue of any arbitration and litigations, settlements, and so forth" and that it "agree[d] with the government's basic premise that, as a matter of fact, that not all of these victims have been made whole." Noting that 18 U.S.C. § 3664 allowed it to postpone its determination regarding restitution, the district court said, "what I'm going to do with respect to restitution is sustain the government's objection [to the PSR] at this point. I guess I'm saying I'm doing this conditionally, and I'm going to allow 90 days . . . for the government to . . . submit any additional evidence or calculations as to what the government deems is evidence of the actual losses incurred by the victims." The court then said:

> [U]nder the restitution statute . . . I can't award damages for pain and suffering and mental anguish and things like that that the

4

No. 10-30095

victims have gone through in this case. If I was able to do that, I would certainly do that, because I think that would be called for in this case. It would be warranted, because I think as a large part of the injury, the damage that Mr. McFadden has inflicted on all of his victims, regardless of whether they recovered their money or most of their money or all of their money even. Eventually you put them through years of hell and litigation and arbitration, and I've read letters where people barely had money to scrape together to pay gas to attend all of these hearings, and, of course, we've heard, not only today, but in the letters, about all the stress related issues that people have suffered, not that necessarily all of that was due to Mr. McFadden's conduct, but I'm convinced that a good measure of it was.

The court went on to state the 18 U.S.C. § 3553(a) factors; noted that it had read the PSR and "all of the letters," which included letters in support of mitigation; and explained the seriousness of McFadden's fraudulent scheme. The court concluded: "Having said all of that, and considering that there's a real question as to whether you ever actually, in fact, will make full restitution to all of these folks, I think the appropriate sentence is the statutory maximum." Accordingly, the court sentenced McFadden to 60 months of imprisonment, a $250,000 fine, and three years of supervised release.

McFadden objected to the court's imposition of the maximum fine, which, he argued, was "an upward departure from what's in the guidelines and we had no notice of an upward departure." McFadden also objected to "the excessive nature of the fine as well as the sentence," and "to the Court sustaining the government's objections to . . . restitution," although he acknowledged that he "realize[d] it's just . . . conditional."

The district court later held a restitution hearing, after which it determined that the government had not shown that damages for lost interest or attorney fees could be included in a restitution judgment. Accordingly, the court held that the money already recovered by the victims exceeded the amount of loss and no further restitution could be ordered.

No. 10-30095

McFadden timely appealed.

## II.

McFadden argues that the sentence and fine imposed by the district court were procedurally defective and substantively unreasonable. We begin by considering McFadden's arguments that his sentence was procedurally defective. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

## A.

McFadden first argues that the district court committed procedural error by failing to appropriately consider all of the sentencing factors set forth in 18 U.S.C. § 3553(a). Specifically, McFadden contends that the court focused on the seriousness of his offense and failed to consider the other § 3553(a) factors. McFadden did not make this objection in the district court. Therefore, we review this first claim for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). To establish plain error, a defendant must first show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If a defendant makes such a showing, we have the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A sentencing court commits procedural error when it "fail[s] to consider the § 3553(a) factors . . . ." *Gall*, 552 U.S. at 51. While "a checklist recitation of the section 3553(a) factors is . . . [in]sufficient," *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006), "a district court need not recite each of the § 3553(a) factors and explain its applicability," *United States v. Herrera-Garduno*, 519 F.3d 526, 531 (5th Cir. 2008) (citing *Smith*, 440 F.3d at 707). In this case, the district court read out each of the § 3553(a) factors and indicated that it had considered them in imposing its sentence. The district court then engaged in a fact-specific explanation of the reasons for imposing its chosen sentence, focusing

No. 10-30095

its discussion on the nature of McFadden's fraud and the vulnerability of his victims. That the district court's reasoning was based on those § 3553(a) factors that the court found most relevant to the case before it does not constitute a failure to consider the necessary sentencing factors. *See Herrera-Garduno*, 519 F.3d at 531 ("Here, because the district court relied primarily on the facts of Herrera's prior conviction, and because the court addressed these facts and their relation to the § 3553(a) factors in some detail, we are satisfied that the district court's statement of reasons provides an adequate basis for our review." (citing *Gall*, 552 U.S. at 50)). Accordingly, we conclude that the district court did not plainly err by failing to consider the § 3553(a) factors.

### B.

In a related argument, McFadden contends that the district court failed to adequately explain its within-guidelines sentence of imprisonment and above-guidelines fine. McFadden contends that there were mitigating factors favoring a downward variance from the sentencing range, and that the district court failed to explain why it chose not to apply a downward variance with respect to its sentence of imprisonment and, instead, applied an upward variance in imposing the fine. As McFadden did not raise this objection in district court, we review for plain error. *See Mondragon-Santiago*, 564 F.3d at 361.

A sentencing court must "adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a . . . sentence[ outside the guidelines range], . . . the judge will normally . . . explain why he has rejected those arguments." *Rita v. United States*, 551 U.S. 338, 357 (2007). A statement of reasons is legally sufficient so long as "[t]he sentencing judge . . . set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* at 356.

7

No. 10-30095

Here, the district court listened to the statements of McFadden and his counsel, as well as those of the victims present at the sentencing hearing; it noted that it had read "all the letters" submitted, including those supporting McFadden's argument for a downward variance; and it stated that it had read the PSR. The PSR pointed out that the otherwise applicable guidelines range for imprisonment was more than twice the statutory maximum and that the guidelines range did not account for the mental and emotional impact on the victims. The court recited the § 3553(a) factors and gave a thorough exposition of McFadden's crime. The court stated that the loss to the victims of McFadden's investment fraud scheme was substantial, and indicated that it did not believe that some of them would ever be made whole. We are satisfied that the district court's explanation for the sentence imposed was legally sufficient. *See id.* Thus, we conclude that the district court did not plainly err in explaining its reasons for the sentence imposed.

## C.

Third, McFadden claims that the district court committed procedural error by basing its sentence on an erroneous fact, *viz.*, that the victims were still owed restitution. Although McFadden consistently objected at the sentencing hearing to the notion that he owed restitution, he did not specifically object that the district court had erroneously based its sentence on its mistaken belief that he owed restitution. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009) ("To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction."). However, because McFadden did not know at sentencing that the court would subsequently determine that he did not in fact owe restitution, he was not in a position to raise this particular argument at that time. *Cf. United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006) ("Th[e] issue [of whether the written judgment or the sentence pronounced at sentencing controls when the

two conflict] is being raised for the first time on appeal, for the simple reason that [the defendant] had no opportunity to consider, comment on, or object to the special conditions later included in the written judgment. Accordingly, instead of reviewing for plain error, we review the court's imposition of [those] conditions for an abuse of discretion."). Thus, we find the issue adequately preserved under the circumstances and review McFadden's claim for abuse of discretion. *See id.*

A "district court commit[s] . . . significant procedural error . . . [if it] select[s] a sentence based on clearly erroneous facts." *Gall*, 552 U.S. at 51. It is clear that the district court here had made no finding of fact that McFadden owed restitution at the time of sentencing. The court specifically stated that it was "unable at this time . . . to make precise calculations as to what further restitution might be owed" and postponed its determinations on the issue of restitution pursuant to 18 U.S.C. § 3664(d)(5), which provides that the court may, upon timely request by the government, "set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5). Moreover, our review of the transcript of the sentencing hearing makes clear that the district court did not select its sentence based on any belief about whether McFadden owed restitution. Rather, the transcript shows that the court selected its sentence based on its finding that McFadden's fraud had caused his victims irreparable injury for which they could never be made whole, regardless of restitution. This finding is supported by the record and, therefore, is not clearly erroneous. *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). The government's witness testified at the sentencing hearing that many of the victims would never recover for the lost interest on their investments nor for the attorney fees they paid. The PSR noted as a basis for an above-guidelines fine the fact that the guidelines calculation of the victims' losses did not account for attorney fees or for the mental and emotional harm caused by McFadden's fraud. McFadden did not object to the

No. 10-30095

PSR, and the district court was therefore entitled to accept "any undisputed portion of the [PSR] as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). The district court then expressly acknowledged the unaccounted-for harm noted in the PSR in explaining its decision to impose the statutory maximum sentence. Accordingly, we conclude that the court did not select its sentence based on a clearly erroneous fact regarding restitution.

## D.

McFadden next argues that the district court committed procedural error by imposing a fine above the guidelines range without giving McFadden advance notice of its intent to do so, as required for upward departures from guidelines sentences under Federal Rule of Criminal Procedure 32(h). As the Supreme Court noted in *Irizarry v. United States*, "'[d]eparture' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." 553 U.S. 708, 714 (2008). The Court held in *Irizarry* that a variance — i.e., a non-guidelines sentence imposed other than under the guidelines framework for departures — is not subject to the advance notice requirement of Rule 32(h). *Id.* at 716. This court recognizes an above-guidelines sentence to be a variance, and not an upward departure, where the district court "d[oes] not make reference to upwardly departing . . . ." *United States v. Smith*, 440 F.3d 704, 708 n.3 (5th Cir. 2006); *see also Irizarry*, 553 U.S. at 712 (analyzing sentence as a variance, rather than a departure, where the district court made no reference to any departure provision, stated that "the guidelines range is not appropriate in this case," and concluded that "the statutory maximum is what's appropriate"). In imposing the fine challenged here, the district court did not refer to the guidelines departure provisions. Rather, the court explained that it found the guidelines-range fine inappropriate and had chosen to impose the statutory maximum. Because the fine imposed

10

was a variance from the guidelines range rather than an upward departure, McFadden was not entitled to advance notice.

## III.

Having determined that the district court did not commit procedural error in selecting the sentence imposed, we turn to McFadden's contention that the sentence was substantively unreasonable. *Gall*, 552 U.S. at 51. We review the substantive reasonableness of McFadden's sentence for abuse of discretion. *Id.* at 46.

Because McFadden's sentence of imprisonment and supervised release were "within a properly calculated guideline range," they are "presumptively reasonable." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (citing *Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008)). McFadden argues that his personal characteristics — that he had no prior criminal record and provided financial support for his family — and several aspects of his offense — that he had not stolen his clients' money and that his clients had been paid back for their lost investments — required a below-guidelines sentence. These arguments, however, amount to merely "a disagreement with the propriety of the sentence imposed [which] does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence." *Id.* (citing *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008)). Accordingly, McFadden has shown no substantive error in his sentence of imprisonment or supervised release.

Although we do not apply a presumption of reasonableness to the above-guidelines fine, still we "must give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the deviation." *Gall*, 552 U.S. at 51. McFadden argues that the victims had been repaid for their lost investments, and that this fact entitled him to a downward variance. We

No. 10-30095

disagree. Taking into account the totality of the circumstances presented in this case, including the extent of the variance from the guidelines range, we find that the fine imposed by the district court was justified by the § 3553(a) factors. Accordingly, we conclude that McFadden has failed to demonstrate an abuse of discretion in the district court's imposition of the above-guidelines fine.

## IV.

For the foregoing reasons, we AFFIRM McFadden's sentence and fine.